## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANGEL RODRIGUEZ,** | ) | 10cv4207<br>Judge Conlon<br>Mag. Judge Valdez |
| Plaintiff, | ) CAS | |
| | ) | |
| -vs- | | |
| **COUNTY OF COOK,** | ) | **FILED** |
| **OFFICE OF COOK COUNTY** | ) | |
| **STATE'S ATTORNEY,** | ) | JUL X 7 2010<br>Jul 07, 2010<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |
| **CITY OF CHICAGO,** | ) | |
| **RICHARD A. DEVINE,** | ) $28,000,000.00 Requested In Damages | |
| **LYNN WEAVER,** | ) Monell Claim | |
| **ROBERT HEILINGOETTER,** | ) Due Process Claim | |
| **ERNEST HALVOR SEN,** | ) Malicious Prosecution Claim | |
| **JON WOODALL,** | ) Intentional Infliction of Emotional | |
| **JOHN DOES, 1 THROUGH** | ) Distress Claim | |
| **100, INCLUSIVE.** | ) Conspiracy Claim | |
| Defendants, | ) Failure To Intervene | |
| | ) Civil Conspiracy Claim | |
| | ) Respondeat Superior | |
| | ) Indemnification | |

## CIVIL COMPLAINT AND JURY DEMAND

NOW COMES, plaintiff, namely Angel Rodriguez, appearing in his own proper person and files this civil action seeking monetary damages from defendants for knowingly, deliberately, intentionally and with purposeful reckless disregard and calculated indifference, deprived plaintiff of his constitutionally protected rights, thereby causing and subjecting plaintiff to years of wrongful imprisonment.

## INTRODUCTION

1. On July 28, 2009, the Honorable Paul P. Biebel, Jr. presiding judge of the criminal division of the Circuit Court of Cook County granted plaintiff a **"Certificate of Innocence"** thereby judicially acknowledging that plaintiff had been wrongfully imprisoned for a crime he did not commit and simultaneously constituting a judicial admission of plaintiff's innocence. A certain legal criteria must be met in order to receive a Certificate of Innocence unlike a gubernatorial pardon. It is the granting of a Certificate of Innocence which propels plaintiff to institute this civil action seeking redress for the deprivation of his constitutionally protected rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and various State law claims.

## JURISDICTIION AND VENUE

2. This civil action is brought pursuant to **Title 42 U.S.C. Section 1983** and this court is conferred jurisdiction under **Title 28 U.S.C. Section 1331** as well as **Title 28 U.S.C. Section 1343(3).** This court is vested with supplemental jurisdiction pursuant to **Title 28 U.S.C. Section 1367.** The venue of this court is proper in accordance with **Title 28 U.S.C. Section 1291(b)**, since events forming the basis for the claims articulated herein occurred within this judicial district and a substantial number, if not all, of the defendants reside in this judicial district.

## PARTIES TO THE CASE

### PLAINTIFF:

3. The plaintiff, namely Angel Rodriguez, is a member of the citizenry of the United States and a resident of the City of Chicago.

### DEFENDANTS:

4. The County of Cook is a governmental entity operating within the State of Illinois.

**5.** Office of Cook County State's Attorney is a governmental entity primarily charged with the responsibility of prosecuting criminal offenses occurring within the jurisdiction of Cook County, Illinois.

**6.** The City of Chicago is a municipal corporation operating and existing within the State of Illinois. The City of Chicago is responsible for the acts of its employees, agents, representatives, servants and the like, while acting within the purview of their employment.

**7.** Richard A. Devine, at all times relevant to his involvement in this civil action, was the State's Attorney of Cook County and charged with the responsibility of hiring, disciplining, formulating, implementing and administering the policies, practices, procedures, customs, training, supervision as well as the day-to-day operations of the Office of Cook County State's Attorney. Richard A. Devine acted under color of law and within the scope of his employment. Richard A. Devine is being sued in his individual capacity.

**8.** Lynn Weaver, at all times relevant to her involvement in this civil action, was/is an Assistant State's Attorney employed by the Office of Cook County State's Attorney and she was part of the prosecution team that

brought plaintiff to trial. Lynn Weaver acted under color of law while performing within the scope of her employment. Lynn Weaver is being sued in her individual capacity.

9. Robert Heilingoetter, at all times relevant to his involvement in this civil action, was/is an Assistant State's Attorney employed by the Office of Cook County State's Attorney and he was part of the prosecution team that brought plaintiff to trial. Robert Heilingoetter acted under color of law while performing within the scope of his employment. Robert Heilingoetter is being sued in his individual capacity.

10. Ernest Halvorsen, Badge No. **20692**, at all times relevant to his involvement in this civil action, was/is employed as a "detective" with the Chicago Police Department and worked out of Area 5 Violent Crimes. Detective Halvorsen acted under color of law and within the scope of his employment. Detective Halvorsen is being sued in his individual capacity.

11. Jon Woodall, Badge No. 20468, at all times relevant to his involvement in this civil action, was employed as a "detective" with the Chicago Police Department and worked out of Area 5 Violent Crimes. Detective Woodall

acted under color of law and within the scope of his employment. Detective Woodall is being sued in his individual capacity.

12. Plaintiff is unaware of the true names and capacities of defendants sued herein as **John Does 1 Through 100, Inclusive,** and therefore sues these defendants by such fictitious names. Plaintiff will amend this civil complaint to set forth their true names and capacities when ascertained. On information and belief, plaintiff alleges that at all times relevant to this civil action, each of the defendants sued herein as **John Does 1 Through 100, Inclusive,** was/is the agent, servant, employee, representative of the like of the named defendants and was acting under color of law and within the scope of their employment. On information and belief, plaintiff allege that each fictitiously named defendant is responsible in some manner for the occurrences alleged herein and that plaintiff injuries were proximately caused by their acts and omissions.

## STATEMENT OF FACTS

13. In 2008, the **Certificate of Innocence** law was enancted. **See,**
**735 ILCS 5/2-702 (West 2008).** This legislation and remedial measure opened up a legal avenue whereas innocent individuals that were wrongfully convicted and imprisoned could petition the circuit court for issuance of a Certificate of Innocence providing specific legal touchstone was met.

14. Undeniably, on July 28, 2009, plaintiff was granted a Certificate of Innocence. Concomitantly, the Certificate of Innocence paved the way for plaintiff to commence this litigation as the State Court judicial system have recognized that a grievous wrong has been done to the plaintiff by those responsible for arresting, prosecuting and imprisoning the plaintiff for a crime which he did not commit.

## THE CRIME

15. On November 24, 1996, Ibrahim Zayed was shot and killed at a neighborhood grocery store called Karlov Foods, located at the intersection of Karlov & Potomac Avenues in the City of Chicago.

## THE ARREST OF PLAINTIFF

16. On March 24, 1997, plaintiff was arrested and charged with two counts of first degree murder (**720 ILCS 5/9-1(a)(1)** and **720 ILCS 5/9-1(a)(2)**) of Ibrahim Zayed under **Case No. 97-CR-11082.**

17. On May 1, 1997, plaintiff was arraigned before Judge Dennis J. Porter and entered a plea of "not guilty" to the charges.

18. On March 10, 1998, a jury returned a guilty verdict against plaintiff for the murder of Ibrahim Zayed.

19. On June 29, 1998, plaintiff was sentenced to sixty **(60)** years imprisonment by Judge Dennis J. Porter.

## CONVICTION REVERSED ON DIRECT APPEAL

20. On August 16, 2000, the Illinois Appellate Court outright reversed the conviction of plaintiff finding that the State's evidence did not prove plaintiff guilty beyond a reasonable doubt. **See, People vs. Rodriguez, 312 Ill. App.3d 920, 245 Ill. Dec. 613, 728 N.E.2d 695 (1st Dist. 2000).**

## UNCONSTITUTIONAL MISCONDUCT OF POLICE

21. Ernest Halvorsen, Jon Woodall and other unknown defendants used coercive and suggestive tactics upon Andrew Bolton to have him falsely identify plaintiff as committing the murder of Ibrahim Zayed.

22. Ernest Halvorsen, Jon Woodall and other unknown defendants secreted and/or destroyed all information/evidence deemed favorable to plaintiff that was made known to defendants during their field investigation of the case and interviewing of people.

23. Ernest Halvorsen and Jon Woodall encouraged An drew Bolton to identify plaintiff from the police lineup so that he can collect the reward money.

24. Ernest Halvorsen, Jon Woodall and other unknown defendants threatened Andrew Bolton with being charged with the crime unless he cooperated with the frame-up of plaintiff.

25. Ernest Halvorsen, Jon Woodall and other unknown defendants that are police officers knowingly, deliberately and intentionally **failed** to memorialize their interviews with people that they spoke with during field investigation of the case.

26. Jon Woodall was a corrupt cop that got caught committing federal criminal offenses and ultimately pled guilty and was/is serving a federal prison sentence.

27. On information and belief, Ernest Halvorsen, Jon Woodall and other unknown defendants that are police officers have a history of participating in the investigation of homicides cases where other innocent people was wrongfully imprisoned.

## PROSECUTORS KNEW PLAINTIFF WAS INNOCENT

28. Lynn Weaver and Robert Heilingoetter, through imputation of knowledge, knew that police officers had suppressed or destroyed all information/evidence gathered during field investigation of the case that was of exculpatory/impeaching value to plaintiff and his lawyers.

29. Lynn Weaver and Robert Heilingoetter, through imputation of knowledge, knew that police officers had threatened Andrew Bolton with being charged with the murder of Ibrahim Zayed, if he did not cooperate with the frame-up of plaintiff with the case.

30. Lynn Weaver and Robert Heilingoetter, through imputation of knowledge, knew that police had used coercive and suggestive tactics upon Andrew Bolton and encouraged him, by mentioning reward money, to falsely identify plaintiff out of the police lineup.

## PLAINTIFF'S LIFE BEFORE WRONGFUL CONVICTION

31. Prior to plaintiff being arrested he worked at Market Fisheries, as a "Cook" on the southside of the City of Chicago. Plaintiff had **three children and one on the way**. Plaintiff was supporting his children with money earned from his job.

## PLAINTIFF'S LIFE AFTER WRONGFUL CONVICTION

32. The wrongful conviction precluded plaintiff from fulfilling his parental responsibilities and effectively destroyed the family unit which is in a state of disarray today. Plaintiff has not been able to maintain employment for any length of time because of the wrongful conviction.

33. Plaintiff's wrongful conviction has caused him and continues to cause him excruciating psychological pain, depression, physical sickness, intense emotional distress, humiliation, embarrassment, sleep deprivation, inability to concentrate, deprivation of the enjoyment of life, anxiety, adversely affected

from accumulating social security work credits, deprivation of employment opportunity, extreme distrust and fear of the police, being involuntarily subjected to the degrading prison practice of strip searches.

34. Defendant has never offered plaintiff and/or his children mental health and emotional counseling as a result of his wrongful imprisonment and the attendant effects of it.

## LEGAL CLAIMS:

### COUNT ONE - 42 U.S.C. SECTION 1983
### MONELL AGAINST COUNTY OF COOK

35. Plaintiff restates and realleges paragraphs **1 through 34**, as if fully set forth herein.

36. The County of Cook, at all times pertinent to its involvement in this civil action, through its Office of Cook County State's Attorney and employees named in this suit, performed acts pursuant to county policies, practices, customs and usages, which ratified, tolerated, acquiesced in, maintained, authorized and permitted the following unconstitutional conduct:

**(a).** knowingly, deliberately and intentionally engaging in the suppression of information/evidence that was of exculpatory or impeaching value from plaintiff and his lawyers during state court criminal proceedings.

**(b).** Permitting Assistant State's Attorneys working **Felony Review** to approve of criminal charges based upon coerced lineup identification and fabricated evidence.

**(c).** Failing to properly train, monitor, control, supervise and discipline Assistant State's Attorneys for engaging in a continuous pattern of flagrant misconduct which has resulted in multitudes of innocent people, including plaintiff, being wrongfully tried, convicted and imprisoned or crimes which they did not do.

**(d).** Condoning the knowing use of perjured testimony and subornation of perjury by Assistant State's Attorneys to secure criminal conviction by employing whatever unlawful means available.

**37.** Plaintiff's unconstitutional imprisonment and injuries were caused by the policies, practices, customs and usages championed by the County of Cook and maintained and implemented with deliberate indifference and reckless disregard of plaintiff's constitutional rights.

**-13 of 24-**

**WHEREFORE**, Angel Rodriguez, seeks from the County of Cook:

**(a).** Compensatory damages in the amount of **Five Million ($5,000,000.00) Dollars**.

## COUNT TWO - 42 U.S.C. SECTION 1983
## MONELL AGAINST CITY OF CHICAGO

**38.** Plaintiff restates and realleges paragraphs **1 through 37**, as if fully set forth herein.

**39.** The City of Chicago, at all times pertinent to its involvement in this civil action, through its Police Department and employees named in this suit, performed acts pursuant to municipal policies, practices, customs and usages, which ratified, tolerated, acquiesced in, maintained, authorized and permitted the following unconstitutional conduct:

**(a).** knowingly, deliberately and intentionally engaging in the suppression of information/evidence that was of exculpatory or impeaching value from plaintiff and his lawyers during state court criminal proceedings.

**(b).** Permitting homicide detectives to use coercion and unduly suggestive tactics when conducting lineups which lead to false identifications being

made and setting the legal machinery into motion against someone innocent of the crime, as was done in plaintiff's case.

(c). Failing to properly train, monitor, control, supervise and discipline Its police officers for engaging in a continuous pattern of flagrant misconduct which has resulted in multitudes of innocent people, including plaintiff, being wrongfully tried, convicted and imprisoned or crimes which they did not do.

(d). Allowing police officers involved in homicide investigations to dispense with memorializing their interviews of people providing information concerning the case as was done in plaintiff's case.

40. Plaintiff's unconstitutional imprisonment and injuries were caused by the policies, practices, customs and usages championed by the City of Chicago and maintained and implemented with deliberate indifference and reckless disregard of plaintiff's constitutional rights.

WHEREFORE, Angel Rodriguez, seeks from the City of Chicago:
(a). Compensatory damages in the amount of **Five Million ($5,000,000.00) Dollars**

## COUNT THREE - TITLE 42 U.S.C. SECTION 1983
## DENIAL OF DUE PROCESS

41. Plaintiff restates and realleges paragraphs **1 through 40**, as if fully set forth herein.

42. Defendants Ernest Halvorsen, Jon Woodall and other unnamed defendants engaged in the suppression of favorable information/evidence from plaintiff and his lawyers and intentionally deprived plaintiff of due process of law, knowing that plaintiff did not fit the description of the perpetrator, coerced Andrew Bolton to identify plaintiff in a police lineup, encouraged Andrew Bolton to collect the reward money by identifying plaintiff, thereby orchestrating the railroading of plaintiff into the prison system for a crime he did not commit.

**WHEREFORE,** Angel Rodriguez, seeks from defendants:

(a). Compensatory damages in the amount of **Two Million ($2,000,000.00) Dollars** and punitive damages in the amount of **Two Million ($2,000,000.00) dollars.**

**-16 of 24-**

## COUNT FOUR - MALICIOUS PROSECUTION

43. Plaintiff restates and realleges paragraphs **1 through 42**, as if fully set forth herein.

44. Defendants Richard A. Devine, Lynn Weaver, Robert Heilingoetter, Ernest Halvorsen, Jon Woodall and unknown defendants are being sued for knowingly, deliberately, intentionally with purposeful disregard and calculated indifference subjected plaintiff to malicious prosecution as a result of their individual and/or collective actions and omissions.

45. The proceedings were terminated in a favorable manner for the plaintiff as he was granted a Certificate of Innocence on July 28, 2009 judicially declaring him innocent of the crime underlying his wrongful imprisonment.

46. Defendants knew that plaintiff did not fit the description of the assailant, defendants suppressed information/evidence of exculpatory value, defendants conducted a coercive lineup encouraged Andrew Bolton to falsely identify plaintiff in order to collect a reward.

**WHEREFORE,** Angel Rodriguez seeks from defendants.

(a). Compensatory damages in the amount of **Three Million ($3,000,000.00) Dollars** and punitive damages in the amount of **Three million ($3,000,000.00) dollars.**

## COUNT FIVE
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

47. Plaintiff restates and realleges paragraphs **1 through 46**, as if fully set forth herein.

48. Defendants Richard A. Devine, Lynn Weaver, Robert Heilingoetter, Ernest Halvorsen, Jon Woodall and unknown defendants knowingly, deliberately, intentionally with purposeful disregard and calculated indifference caused plaintiff to suffer the intentional infliction if emotional distress, by acting individually and in concerted effort to caused the wrongful imprisonment of plaintiff.

49. Plaintiff suffered from bouts of sleeplessness, post-traumatic stress disorder and nightmares stemming from years of being imprisoned from a crime he did not commit. On July 28, 2009, plaintiff was granted a Certificate of Innocence recognizing his innocence.

**WHEREFORE**, Angel Rodriguez seeks from defendants:

**(a).** Compensatory damages in the amount of **One Million ($1,000,000.00) Dollars** and punitive damages in the amount of **One Million ($1,000,000.00) dollars.**

## COUNT SIX - TITLE 42 U.S.C. SECTION 1983
## <u>CONSPIRACY</u>

50. Plaintiff restates and realleges paragraphs **1 through 49**, as if fully set forth herein.

51. Defendants Richard A. Devine, Lynn Weaver, Robert Heilingoetter, Ernest Halvorsen, Jon Woodall and other unknown defendants, through meeting of the minds, reached an agreement to falsely accuse, prosecute and imprison plaintiff for a murder he did not commit, precipitated by withholding all favorable or impeaching evidence from plaintiff and his lawyers, using coercion and suggestiveness at the lineup identification process, encouraging Andrew Bolton to collect the reward money by false identifying plaintiff in the lineup and to go forward with the prosecution of plaintiff knowing he did not fit the description of the offender.

**WHEREFORE,** Angel Rodriguez seeks from defendants:

**(a).** Compensatory damages in the amount of **One Million ($1,000,000.00) Dollars** and punitive damages in the amount of **One Million ($1,000,000.00) dollars.**

## COUNT SEVEN - TITLE 42 U.S.C. SECTION 1983
## FAILURE TO INTERVENE

52. Plaintiff restates and realleges paragraphs **1 through 51**, as if fully set forth herein.

53. Defendants Richard A. Devine, Lynn Weaver, Robert Heilingoetter, Ernest Halvorsen, Jon Woodall and other unknown defendant knowingly, deliberately, intentionally with purposeful disregard and calculated indifference **fail to intercede** and stop the violation of plaintiff's constitutional rights, thus preventing plaintiff from enduring a criminal prosecution and years of wrongful imprisonment.

**WHEREFORE,** Angel Rodriguez, seeks from defendants:

**(a).** Compensatory damages in the amount of **One Million ($1,000,000.00) Dollars** and punitive damages in the amount of **One Million ($1,000,000.00) Dollars**.

## COUNT EIGHT - CIVIL CONSPIRACY

54. Plaintiff restates and realleges paragraphs **1 through 53**, as if fully set forth herein.

**55.** Defendants Richard A. Devine, Lynn Weaver, Robert Heilingoetter, Ernest Halvorsen, Jon Woodall and unknown defendants, acted in concerted effort to accomplish an unlawful purpose by unlawful means inasmuch as maliciously prosecuting plaintiff and subjecting him to intentional infliction of emotional distress.

**WHEREFORE,** Angel Rodriguez, seeks from defendants:

**(a).** Compensatory damages in the amount of **One Million ($1,000,000.00) dollars** and punitive damages in the amount of **One Million ($1,000,000.00) dollars**.

## COUNT NINE - RESPONDEAT SUPERIOR

**56.** Plaintiff restates and realleges paragraphs **1 through 55** as if fully set forth herein.

**57.** In perpetrating the acts alleged in the preceding paragraphs of this civil complaint, all of the individual defendants were agents, employees, servants, representatives and the like of either the Chicago Police Department, an entity of the City of Chicago or the Office of The Cook

County State's Attorney, an entity of the County of Cook. All defendants were acting within the scope of their employment and under color of law.

58. the City of Chicago and County of Cook are liable as principals for all tortious acts committed by its agents, employees, representatives, servants and the like.

## COUNT TEN - INDEMNIFICATION

59. Plaintiff restates and realleges paragraphs **1 through 58**, as if fully set forth herein.

60. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

## CONCLUSION:

**WHEREFORE,** the plaintiff, Angel Rodriguez, prays for judgment as follows:

**(a).** For compensatory damages requested in each count of this suit.

**(b).** For punitive damages requested in specific counts of this suit.

**(c ).** For costs of suit incurred.

**(d).** For reasonable attorney's fees and out-of-pocket expenses.

**(e).** For all other relief deemed equitable and appropriate by this court.

**DATED:** July 7, 2010

Respectfully Submitted

/s/ _Angel Rodriguez_

Angel Rodriguez, (Pro Se)
1503 North Pulaski Road
Chicago, Illinois 60651
**773.342.0668**

## DEMAND FOR JURY TRIAL

The plaintiff, namely Angel Rodriguez, hereby demand trial by jury pursuant

to **Rule 38(b)** of the Federal Rules of Civil Procedure.

**DATED:** July 7, 2010

Respectfully Submitted

/s/ _Angel Rodriguez_

Angel Rodriguez, (Pro-Se)
1503 North Pulaski Road
Chicago, Illinois 60651
**773.342.0668**