| | | |
|---|---|---|
| ANGEL RODRIGUEZ | ) | |
| | ) | Case No. 10 C 4207 |
| Plaintiff, | ) | |
| | ) | Hon. Suzanne B. Conlon |
| COUNTY OF COOK, et al., | ) | |
| | ) | Magistrate Judge Hon. Maria Valdez |
| Defendants. | ) | |

## DEFENDANTS FORMER COOK COUNTY STATE'S ATTORNEY RICHARD A. DEVINE, ASSISTANT STATE'S ATTORNEYS LYNN WEAVER AND ROBERT HEILINGOETTER, THE OFFICE OF THE COOK COUNTY STATE'S ATTORNEY AND THE COUNTY OF COOK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants former Cook County State's Attorney Richard A. Devine, Assistant State's Attorneys Lynn Weaver and Robert Heilingoetter, the Office of the Cook County State's Attorney and the County of Cook (collectively the "SAO Defendants") by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, by PATRICK T. DRISCOLL, JR., Deputy State's Attorney. LOUIS R. HEGEMAN, and THOMAS CARGIE, Assistant State's Attorneys, presents the following Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12 (b)(1) and 12(b)(6). In support thereof, the SAO Defendants state the following:

1. Plaintiff Angel Rodriguez has filed a multi-count complaint against the City of Chicago, certain Chicago Police Officers, former Cook County State's Attorney Richard A. Devine, Assistant State's Attorneys Lynn Weaver and Robert Heilingoetter, the Cook County State's Attorney's Office, and the County of Cook. In 1997, Plaintiff was arrested and charged with two counts of first degree murder in connection with the death of Ibrahim Zayed, who was shot and killed on Chicago's Westside. Plaintiff was convicted after a jury trial and was sentenced to 60 years in the custody of the Illinois Department of Corrections. His conviction

was reversed on appeal in August of 2000, when the Illinois Appellate Court found that the state did not prove Plaintiff's identification as the murderer beyond a reasonable doubt.

2. Plaintiff alleges that the Chicago Police Officer Defendants used coercive tactics to have a witness identify Plaintiff as the assailant and destroyed evidence that was favorable to Plaintiff. Defendant ASAs were a part of the prosecution team that tried Plaintiff. They are alleged to have known that the police officers destroyed the exculpatory evidence and that the officers coerced the witness to implicate Plaintiff.

3. Plaintiff alleges a *Monell* claim against the County of Cook, contending that it has a policy, custom and practice of engaging in the suppression of exculpatory evidence, permitting Felony Review ASAs to approve charges based on coerced lineup identifications, failing to properly train and monitor its employees in the conduct of trial, and condoning the use of perjured testimony by ASAs. As for former State's Attorney Devine and the other ASA's, Plaintiff asserts a claim pursuant to 42 U.S.C. §1983, alleging that they failed to intervene to prevent the detectives from coercing the identification and destroying exculpatory evidence and that they conspired with the other Defendants falsely to accuse, convict and imprison Plaintiff. Plaintiff also asserts three state law claims against them for malicious prosecution, intentional infliction of emotional distress, and civil conspiracy, all of which arise from their alleged failure to intervene against the detectives. This case should be dismissed for the following reasons.

4. This Court lacks pendent jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims against all of the SAO Defendants because the Illinois Court of Claims has exclusive jurisdiction over such claims.

5. As to former State's Attorney Devine, who is being sued in his individual capacity, there is no allegation that he did anything except supervise the ASA Defendants. Thus, he cannot be held accountable for the alleged intentional torts of his employees under §1983..

6. Plaintiff has failed to state a cognizable claim for a constitutional tort under §1983 against the SAO Defendants because under the law, they had no duty to intervene to prevent an alleged constitutional deprivation by members of the Chicago Police Department.

7. Because Plaintiff does not assert a valid claim that any of the SAO Defendants deprived him of any constitutional rights, they are entitled to qualified immunity on the §1983 claims as well.

8. Both the §1983 and the state law claims against the SAO Defendants are barred by absolute prosecutorial immunity.

9. All of Plaintiff's claims against the SAO Defendants accrued on August 16, 2000, when the Illinois Appellate Court reversed his conviction. Thus, all of his claims are now time barred under the applicable statute of limitations.

WHEREFORE, for the above and foregoing reasons, Defendants former Cook County State's Attorney Richard A. Devine, Assistant State's Attorneys Lynn Weaver and Robert Heilingoetter, the Office of the Cook County State's Attorney, and the County of Cook respectfully request that Plaintiff's claims against him be dismissed in their entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,
ANITA ALVAREZ
State's Attorney of Cook County


By:/s/ Thomas Cargie
ARDC # 6210034
Thomas Cargie

3

Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
312/603-4553


Patrick T. Driscoll, Jr.
Deputy State's Attorney
Chief, Civil Actions Bureau

Louis R. Hegeman
Supervisor, Special Projects & Assignments
Thomas Cargie
Stephen Garcia
Assistant State's Attorneys