# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL RODRIGUEZ | ) | |
| | ) | **Case No. 10 C 4207** |
| Plaintiff, | ) | |
| | ) | **Hon. Suzanne B. Conlon** |
| COUNTY OF COOK, et al., | ) | |
| | ) | **Magistrate Judge Hon. Maria Valdez** |
| Defendants. | ) | |

## DEFENDANTS FORMER COOK COUNTY STATE'S ATTORNEY RICHARD A. DEVINE, ASSISTANT STATE'S ATTORNEYS LYNN WEAVER AND ROBERT HEILINGOETTER, THE OFFICE OF THE COOK COUNTY STATE'S ATTORNEY AND THE COUNTY OF COOK'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

ANITA ALVAREZ
State's Attorney of Cook County

Patrick T. Driscoll, Jr.
Deputy State's Attorney
Chief, Civil Actions Bureau

Louis R. Hegeman, Supervisor,
Special Projects & Assignments

Thomas Cargie
Stephen Garcia
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4553

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ...................................................................................... iii

I. INTRODUCTION ............................................................................................1

II. RELEVANT FACTS .......................................................................................3

III. STANDARDS FOR DISMISSAL PURSUANT TO 12(b)(1) AND 12(b)(6)..............4

IV. ARGUMENT...................................................................................................5

    A. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAI TIFF'S STATE LAW CLAIMS BECAUSE THE ILLINOIS COURT OF CLAIMS IS THE EXCLUSIVE FORUM FOR SUCH LAWSUITS. ..............5

    B. PLAI TIFF'S CLAI S SHOULD ALSO BE DIS ISSED PURSUANT TO FRCP 12(b)(6) ..................................................................8

        1. Plaintiff Improperly Seeks to Impose *Monell* Liability on Cook County Based on the Alleged Conduct of the ASA Defendants ........................8

        2. Former State's Attorney Devine Is ot Alleged To Have Done Anything Except Supervise ASAs Weaver And Heilingoetter; Therefore He Can Have No Section 1983 Liability To Plaintiff. ..........................................................................9

        3. Plaintiff Cannot State a Claim Under §1983 for Failure To Intervene by an Assistant State's Attorney ...................................10

        4. Because Plaintiff Does Not Allege that the SAO Defendants Committed Any Acts that Would Constitute a Constitutional Deprivation, They Are Entitled to Qualified Immunity...........................................................12

        5. Plaintiff's §1983 claims are barred by absolute prosecutorial immunity ........................................................................13

        6. Plaintiff's State Law claims against ASAs Weaver and Heilingoetter are also barred by absolute prosecutorial immunity ...................................15

C.     ALL OF PLAI TIFF'S CLAI S A AI ST THE SAO DEFENDANTS ACCRUED WHEN THE ILLINOIS APPELLATE COURT REVERSED HIS CONVICTION IN 2000; THUS, ALL OF THOSE CLAIMS ARE TIME BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS .............16

X.     CONCLUSION.................................................................................................17

# TABLE OF AUTHORITIES

## Cases

*Akande v. Grounds*, 555 F.3d 586 (7th Cir. 2009)..................................................................12

*Anderson v. Branen*, 17 F.3d 552, 557 (2nd Cir. 1994) ..............................................................11

*Anderson v. Simon*, 217 F.3d 472 (7th Cir. 2000) ......................................................................11

*Andrews v. Burge*, 660 F. Supp. 2d 868 (N.D. Ill. 2009)............................................................11

*Ashcroft v. Iqbal*, 129 S. Ct. 1937(2009) ...................................................................................5

*Baker v. McCollan*, 443 U.S. 137 (1979) ...................................................................................9

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S. Ct. 1955 (2007) ....................................5

*Benning v. Board of Regents of Regency Universities*, 928 F.2d 775 (7th Cir. 1991)................7

*Biggerstaff v. Moran*, 284 Ill. App. 3d 196 (1st Dist. 1996).....................................................6,8

*Bradshaw v. DeGand*, 1992 U.S. Dist LEXIS 911 (N.D. Ill. 1992)........................................13
*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) .........................................................................14

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972)....................................................................10,11

*Campos v. City of Chicago*, 2009 U.S. Dist. LEXIS 34214
    (slip op. Apr. 20, 2009, Moran J.)....................................................................................13

*Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188 (7th Cir. 1993)..................................................4

*Davis v. Zirkelbach*, 149 F.3d 614 (7th Cir. 1998) ..................................................................12

*Dommer v. Crawford*, 653 F. 2d 289 (7th Cir. 1981) ................................................................9

*Generes v. Foreman*, 277 Ill. App. 3d 353 (1st Dist. 1995) ....................................................16

*Gordon v. Devine*, 2008 U.S. Dist. LEXIS 81234, (N.D. Ill. 2008)........................................11

*Gossmeyer v. McDonald*, 128 F.3d 481 (7th Cir. 1997)............................................................9

*Guider v. Smith*, 99 C 7676 (N.D. Ill. 2000)...........................................................................16

*Hampton v. Hanrahan*, 600 F.2d 600, 622, 624-25 (7th Cir. 1979)
rev'd in part on other grounds, 446 U.S. 754 (1980) ................................9,10

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ........................................................12

*Heck v. Humphrey,* 512 U.S. 477 (1994) ............................................................17

*Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir. 1986)..................11,14,15

*ic ey v. O'Bannon*, 287 F.3d 656 (7th Cir. 2002) ............................................6

*Horstman v. County of DuPage*, 284 F.Supp.2d 1125 (N.D. Ill. 2003)..................8

*Hoyne v. Danisch*, 264 Ill. 467 (1914)..............................................................6

*Hunt v. Jaglowski*, 926 F.2d 689 (7th Cir. 1991)...........................................13,14

*Imbler v. Pachtman*, 424 U.S. 409 (1976) ....................................................13,15

*Ingemunson v. Hedges*, 133 Ill. 2d 364 (1990) ................................................6,8

*Jacobs v. City of Chicago*, 215 F.3d 758 (7th Cir. 2000) ....................................5

*Kalimara v. IDOC*, 879 F.2d 276 (7th Cir. 1989)..............................................17

*Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614 (7th Cir. 2007) ...............3

*Lesser v. Braniff Airways, Inc.*, 518 F.2d 538 (7th Cir. 1975)...........................9,10

*Magdziak v. Byrd*, 96 F.3d 1045, 1048 (7th Cir. 1996) ....................................7

*McGrath v. Gillis*, 44 F.3d 567 (7th Cir. 1995) ................................................6

*Moseley v. Berg*, 2001 U.S. Dist. LEXIS 3089 (N.D. Ill. 2001)..........................9

*Moy v. County of Cook*, 159 Ill. 2d 519 (1994) ...............................................6,8

*Northern Trust Co. v. Peters,* 69 F.3d 123 (7th Cir. 1996)..................................5

*Omosegbon v. Wells*, 335 F.3d 668 (7th Cir. 2003)..........................................5,7

*People ex rel. Daley v. Moran*, 94 Ill. 2d 41 (1983) ..........................................6

*Pearson v. Callahan*, 129 S. Ct. 808 (2009)....................................................12

*Pearson v. Gatto,* 933 F.2d 521 (7th Cir. 1991) ...............................................17

*Price v. State of Illinois*, 354 Ill. App. 3d 90 (1st Dist. 2004) ....................................................6

*Raygor v. Regents of the University of Minnesota*, 534 U.S. 533 (2002)..................................7

*Richman v. Sheahan*, 270 F.3d 430 (7th Cir. 2001)..................................................................7

*Ruehman v. Sheahan*, 34 F.3d 525 (7th Cir. 1994)...................................................................4

*Saucier v. Katz*, 553 U.S. 194, 201 (2001) ........................................................................12,13

*Sneed v. Howell*, 306 Ill. App. 3d 1149 (5th Dist. 1999).......................................................6,7

*Spiegel v. Rabinovitz,* 121 F.3d 251 (7th Cir. 1997)................................................................13

*Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985)........................................................5

*Stump v. Sparkman*, 435 U.S. 349 (1978)..............................................................................13

*St. John's United Church of Christ v. City of Chicago*, 582 F.3d 616 (7th Cir. 2007).............4

*Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989)
    *cert. den*. 495 U.S. 929 (1990)......................................................................................8

*United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942 (7th Cir. 2003) ...........................4

*Weimann v. County of Kane*, 150 Ill. App. 3d 962 (2nd Dist. 1986) ........................................16

*White v. City of Chicago,* 369 Ill. App. 3d 765 (1st Dist. 2006)............................................7,15

*Williamson Towing Co. v. State of Illinois*, 396 F. Supp. 431, (N.D. Ill. 1975),
    *aff'd* 534 F. 2d 758 (7th Cir. 1976)................................................................................7

*Wilson v. Garcia*, 471 U.S. 261 (1985)..................................................................................16

*Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir. 1992) .............................................................17

*Yang v. Hardin*, 37 F.3d 282 (7th Cir. 1994)....................................................................10,11

## Statutes/Rules

28 U.S.C. §1367.......................................................................................................5,7,8

42 U.S.C. §1983............................................................................................... *passim*

5 ILCS 50/1 (2006) .......................................................................................................16

705 ILCS 505/8(d) (2007) .......................................................................6

745 ILCS 5/1 (2007) ............................................................................6

FED R. CIV. P 12(b)(1).................................................................... *passim*

FED R. CIV. P. 12(b)(6)................................................................... *passim*

| | | |
|---|---|---|
| ANGEL RODRIGUEZ | ) | |
| | ) | Case No. 10 C 4207 |
| Plaintiff, | ) | |
| | ) | Hon. Suzanne B. Conlon |
| COUNTY OF COOK, et al., | ) | |
| | ) | Magistrate Judge Hon. Maria Valdez |
| Defendants. | ) | |

**DEFENDANTS FORMER COOK COUNTY STATE'S ATTORNEY RICHARD A. DEVINE, ASSISTANT STATE'S ATTORNEYS LYNN WEAVER AND ROBERT HEILINGOETTER, THE OFFICE OF THE COOK COUNTY STATE'S ATTORNEY AND THE COUNTY OF COOK'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants former Cook County State's Attorney Richard A. Devine, Assistant State's Attorneys Lynn Weaver and Robert Heilingoetter, the Office of the Cook County State's Attorney and the County of Cook (collectively the "SAO Defendants") by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, by PATRICK T. DRISCOLL, JR., Deputy State's Attorney. LOUIS R. HEGEMAN, and THOMAS CARGIE, Assistant State's Attorneys, submit this memorandum of law in support of their motion to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).

## I.    INTRODUCTION

Plaintiff Angel Rodriguez has filed a multi-count complaint against the City of Chicago, certain Chicago Police Officers, former Cook County State's Attorney Richard A. Devine, Assistant State's Attorneys Lynn Weaver and Robert Heilingoetter, the Cook County State's Attorney's Office, and the County of Cook. In 1997, Plaintiff was arrested and charged with two counts of first degree murder in connection with the death of Ibrahim Zayed, who was shot and killed on Chicago's Westside.  Plaintiff was convicted after a jury trial and was sentenced to 60

years in the custody of the Illinois Department of Corrections. His conviction was reversed on appeal in August of 2000, when the Illinois Appellate Court found that the state did not prove Plaintiff's identification as the murderer beyond a reasonable doubt.

According to Plaintiff, the Chicago Police Officer Defendants used coercive tactics to have a witness identify Plaintiff as the assailant and destroyed evidence that was favorable to Plaintiff. Defendant ASAs were a part of the prosecution team that tried Plaintiff. They are alleged to have known that the police officers destroyed the exculpatory evidence and that the officers coerced the witness to implicate Plaintiff.

In his Complaint[1], Plaintiff alleges a *Monell* claim against the County of Cook, contending that it has a policy, custom and practice of engaging in the suppression of exculpatory evidence, permitting Felony Review ASAs to approve charges based on coerced lineup identifications, failing to properly train and monitor its employees in the conduct of trial, and condoning the use of perjured testimony by ASAs. As for former State's Attorney Devine and the other ASA's, Plaintiff asserts a claim pursuant to 42 U.S.C. §1983, alleging that they failed to intervene to prevent the detectives from coercing the identification and destroying exculpatory evidence and that they conspired with the other Defendants falsely to accuse, convict and imprison Plaintiff. Plaintiff also asserts three state law claims against them for malicious prosecution, intentional infliction of emotional distress, and civil conspiracy, all of which arise from their alleged failure to intervene against the detectives.

The instant Complaint should be dismissed pursuant to FRCP 12(b)(1) and Rule 12(b)(6) against the SAO Defendants for several reasons. First, this Court lacks pendent jurisdiction under

---

[1] Plaintiff's Complaint is attached hereto as Exhibit A.

28 U.S.C. §1367 over Plaintiff's state law claims against all of the SAO Defendants because the Illinois Court of Claims has exclusive jurisdiction over such claims.

Second, as to former State's Attorney Devine, who is being sued in his individual capacity, there is no allegation that he did anything except supervise the ASA Defendants. Thus, he cannot be held accountable for the alleged intentional torts of his employees under §1983.. Third, Plaintiff has failed to state a cognizable claim for a constitutional tort under §1983 against the SAO Defendants because under the law, they had no duty to intervene to prevent an alleged constitutional deprivation by members of the Chicago Police Department. Fourth, because Plaintiff does not assert a valid claim that any of the SAO Defendants deprived him of any constitutional rights, they are entitled to qualified immunity on the §1983 claims as well. Fifth, both the §1983 and the state law claims against the SAO Defendants are barred by absolute prosecutorial immunity. Finally, all of Plaintiff's claims against the SAO Defendants accrued on August 16, 2000, when the Illinois Appellate Court reversed his conviction. Thus, all of his claims are now time barred under the applicable statute of limitations.

## II.     RELEVANT FACTS[2]

On March 24, 1997, Plaintiff was arrested and charged with two counts of first degree murder in connection with the death of Ibrahim Zayed. Complaint at ¶16. Zayed was murdered in the vicinity Karlov and Potomac Avenues in Chicago. Complaint at ¶15. Defendants Police Officers Halvorson and Woodall, as well as other unknown officers, used coercive and suggestive tactics to have Andrew Bolton falsely identify Plaintiff as Zayed's assailant. Complaint at ¶21. These tactics included suggesting that Bolton identify Plaintiff to collect

---

[2]The following facts are taken from Plaintiff's Complaint and are presumed to be true solely for the purposes of this motion. *See, e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

reward money and threatening to charge Bolton with a crime if he did not cooperate. Complaint at ¶¶23, 24. In addition, the officers destroyed any evidence that was favorable to Plaintiff during their canvassing of the area after the murder. Complaint at ¶22. This included failing to memorialize all of the interviews that they conducted in their investigation. Complaint at ¶25

ASAs Weaver and Heilingoetter are alleged to have known of the above police improprieties "through imputation of knowledge." Complaint at ¶¶28-30. Plaintiff was tried before a jury and convicted on March 10, 1998. Complaint at ¶18. He was sentenced to 60 years of imprisonment. Complaint at ¶19. On August 16, 2000, Plaintiff's conviction was overturned by the Illinois Appellate Court, which found that the state did not establish the assailant's identity beyond a reasonable doubt. Complaint at ¶20. On July 28, 2009, Plaintiff was granted a "Certificate of Innocence." Complaint at ¶1.

### III.     STANDARDS FOR DISMISSAL PURSUANT TO 12(b)(1) AND 12(b)(6)

A motion to dismiss for lack of subject matter jurisdiction is considered under Rule 12(b)(1). *St. John's United Church of Christ v. City of Chicago*, 582 F.3d 616, 625 (7th Cir. 2007). Immunity issues under the Eleventh Amendment to the United States Constitution are jurisdictional. *Ruehman v. Sheahan*, 34 F.3d 525, 528 (7th Cir. 1994). This Court may properly look beyond the jurisdictional allegations of the Complaint and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993). Moreover, in response to a Rule 12(b)(1) motion, the plaintiff bears the burden of proving that the jurisdictional requirements have been met. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

In determining the propriety of dismissal under Rule 12(b)(6), a court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in favor of

the plaintiff. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000). However, courts need not accept as true mere "legal conclusions or unsupported conclusions of fact." *Hickley v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *see also Northern Trust Co. v. Peters,* 69 F.3d 123, 129 (7th Cir. 1996). Bare legal conclusions attached to narrated facts will not suffice to state a claim for which relief may be granted. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985). A claim for relief must contain sufficient facts to make the claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S. Ct. 1955, 1968 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### IV.  ARGUMENT

**A.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS BECAUSE THE ILLINOIS COURT OF CLAIMS IS THE EXCLUSIVE FORUM FOR SUCH LAWSUITS.**

In Counts IV, V, and VIII of his Complaint, Plaintiff purports to set forth state law claims for malicious prosecution, intentional infliction of emotional distress, and state law conspiracy against all defendants including the SAO Defendants. These claims against the SAO Defendants are tort claims against the State of Illinois and state officers for damages. These state law claims could not be brought in the state court of Illinois and, thus, may not be brought as supplemental claims in this Court under 28 U.S.C. §1367. *See, e.g., Omosegbon v. Wells*, 335 F.3d 668 (7th Cir. 2003). In *Omosegbon*, the court reiterated that state rules of immunity are binding on federal courts with respect to state causes of action and found that the federal district court could hear pendant state claims against state defendants only where the state court could have done so. *Id*. at 673-74. Under the doctrine of sovereign immunity Plaintiff's state law claims against the

5

SAO Defendants may not be brought in state court in Illinois, but must be brought in Illinois Court of Claims.

Under Illinois law, suits seeking monetary damages against state officials or employees may only be brought in the Illinois Court of Claims. *See* 745 ILCS 5/1 (2007)(except as provided in the Court of Claims Act, the State of Illinois shall not be made a defendant or party in any court). The Court of Claims Act provides, in part, that the Court of Claims "shall have exclusive jurisdiction to hear and determine . . . [a]ll claims against the State for damages in cases sounding in tort . . . ." 705 ILCS 505/8(d) (2007).

It is well established that the State's Attorney and her assistants are state, rather than county or local, officials. *See Hoyne v. Danisch*, 264 Ill. 467, 470-72 (1914); *Ingemunson v. Hedges*, 133 Ill. 2d 364, 369 (1990); *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995). Specifically, the State's Attorney is a constitutional officer vested with the discretion to initiate and manage criminal prosecutions. *See People ex rel. Daley v. Moran*, 94 Ill. 2d 41, 45 (1983). Likewise, the State's Attorney's Office was created under the judiciary article of the Illinois Constitution. *Biggerstaff v. Moran*, 284 Ill. App. 3d 196, 200 (1st Dist. 1996) (citing *Moy v. County of Cook*, 159 Ill. 2d 519, 530 (1994)). It is also well established in Illinois that the Court of Claims is the proper forum for suits seeking damages against State's Attorneys. *See, e.g. Sneed v. Howell*, 306 Ill. App. 3d 1149 (5th Dist. 1999), and *Price v. State of Illinois*, 354 Ill. App. 3d 90 (1st Dist. 2004), finding that the State's Attorney "is a state employee who was acting within the scope of her employment during sentencing." *Id.* at 93. Consequently, the court held "the circuit court lacks subject matter jurisdiction over plaintiff's claims against the State's Attorney; plaintiff's cause of action against the State's Attorney may only be brought in the Court of Claims." *Id.*

Most recently, in *White v. City of Chicago,* 369 Ill. App. 3d 765 (1st Dist. 2006), the Illinois Appellate Court affirmed the dismissal of claims against the State's Attorney and an assistant state's attorney of wrongful imprisonment, intentional infliction of emotional distress, and conspiracy on the basis that the claims belonged in the Court of Claims. *Id.*. This was so even though "plaintiffs allege[d] that defendants were acting as investigators or administrators instead of advocates," because "the complained-of acts all occurred within the scope of the defendants' official duties as prosecutors in the criminal cases brought by the State against the plaintiffs." *Id.* at 779-80.

The grant of supplemental jurisdiction under 28 U.S.C §1367(a) does not extend to claims against non-consenting state defendants. *Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 541-42 (2002). Nothing in the Illinois constitution or the Court of Claims Act purports to waive Illinois' sovereign immunity under the Eleventh Amendment in federal court. *Williamson Towing Co. v. State of Illinois*, 396 F. Supp. 431, (N.D. Ill. 1975), *aff'd* 534 F. 2d 758 (7th Cir. 1976). The state law immunity rules of the Illinois Lawsuit Immunity Act and the Court of Claims Act, as applied in *Sneed, Price* and *White*, apply to Plaintiff's state law claims in federal court in this matter. *See Omosegbon*; *Benning v. Board of Regents of Regency Universities*, 928 F.2d 775, 777-78 (7th Cir. 1991); *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001); and *Magdziak v. Byrd*, 96 F.3d 1045, 1048 (7th Cir. 1996).

In this case, Plaintiff's Complaint seeks an award of monetary damages against the former State's Attorney and his assistants, all of whom are state officials. Thus, any such claims may only be brought in the Illinois Court of Claims, not state court. Therefore, because Plaintiff's claims may not properly be brought in state court in Illinois, no basis exists for

supplemental jurisdiction over those claims in this Court under 28 U.S.C. §1367(b) and they should be dismissed pursuant to FRCP 12(b)(1).

**B.      PLAINTIFF'S CLAIMS SHOULD ALSO BE DISMISSED PURSUANT TO FRCP 12(b)(6).**

### 1.      Plaintiff Improperly Seeks to Impose *Monell* Liability on Cook County Based on the Alleged Conduct of the ASA Defendants.

In Count I of his Complaint, Plaintiff purports to seek damages against Cook County under a *Monell* theory, alleging that Cook County had a custom and practice of, among other things, condoning the unconstitutional conduct of its employees.  It is settled law that Cook County cannot be liable under *Monell* or any other theory of vicarious liability, such as *respondeat superior*, for the alleged policies and practices or actions of a governmental entity wholly unrelated to the County. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989), *cert. den.* 495 U.S. 929 (1990) (finding that a Cook County Jail detainee "cannot maintain a section 1983 action against Cook County for 'practices, policies, or actions' which are unrelated to that entity").

Plaintiff's base contention that ASAs Weaver and Heilingoetter were employees of Cook County is incorrect as a matter of law. State's attorneys are independently elected state, not county, officials. *See Horstman v. County of DuPage*, 284 F.Supp.2d 1125, 1130-31 (N.D. Ill. 2003)(Bucklo, J.), citing *Ingemunson v. Hedges*, 133 Ill.2d 364 (Ill. 1990). The County is not the employer of the State's Attorney or her assistants. *See Biggerstaff v. Moran*, 284 Ill. App. 3d 196 (1st Dist. 1996). In *Biggerstaff*, following *Moy v. County of Cook*, 159 Ill.2d 519 (Ill. 1994), the court held that the County was not the employer of the State's Attorney's Office and not liable for the alleged conduct of Assistant State's Attorneys under the *respondeat superior* doctrine, because the State's Attorney is a state officer whose office was created under the judiciary article

8

of the Illinois constitution. Thus, as a matter of law, there can be no *Monell* liability on the part

of the County for the actions of employees of the Cook County State's Attorney's Office. For

these reasons, Plaintiff's claims against Cook County in Count I should be dismissed pursuant to

Rule 12(b)(6).

> **2.** **Former State's Attorney Devine Is Not Alleged To Have Done Anything Except Supervise ASAs Weaver And Heilingoetter; Therefore He Can Have No Section 1983 Liability To Plaintiff.**

In order to state a claim under §1983, a plaintiff must allege the deprivation of a

constitutional right made under color of state law. *Baker v. McCollan*, 443 U.S. 137, 140 (1979);

*Moseley v. Berg*, 2001 U.S. Dist. LEXIS 3089, *4 (N.D. Ill. 2001)(J. Andersen). The first inquiry

is whether the plaintiff was deprived of a right secured by the Constitution or laws of the United

States. *Baker*, 443 U.S. at 140. A complaint must allege an actual deprivation of rights resulting

from the defendant's actions. *Hampton v. Hanrahan*, 600 F.2d 600, 622, 624-25 (7th Cir. 1979),

(rev'd in part on other grounds, 446 U.S. 754 (1980)); *Lesser v. Braniff Airways, Inc.*, 518 F.2d

538, 540 n2 (7th Cir. 1975). Moreover, liability under §1983 depends on personal involvement in

the alleged constitutional violation, and a §1983 plaintiff must establish that an alleged defendant

was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65

F.3d 555, 561 (7th Cir. 1995); *Dommer v. Crawford*, 653 F. 2d 289, 291 (7th Cir. 1981).

Here, with regard to former State's Attorney Devine, Plaintiff only alleges that he was

responsible for, among other things, the training, supervision and day-to-day operations of the

Office of the Cook County State's Attorney's Office. In essence then, Plaintiff seeks to hold

Devine liable under a *respondeat superior* theory, for the acts of others. However, such a theory

is not cognizable under §1983. *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997)

(holding that the doctrine of *respondeat superior* will not suffice to impose liability under

§1983). Thus, the claims against former State's Attorney Devine should be dismissed as a matter of law pursuant to FRCP 12(b)(6).

**3.      Plaintiff Cannot State a Claim Under §1983 for Failure To Intervene by an Assistant State's Attorney.**

As noted above, in order to state a claim under §1983, a plaintiff must allege the deprivation of a constitutional right made under color of state law. The first inquiry is whether the plaintiff was deprived of a right secured by the Constitution or laws of the United States. *Baker*, 443 U.S. at 140. A complaint must allege an actual deprivation of rights resulting from the defendant's actions. *Hampton v. Hanrahan*, 600 F.2d 600, 622, 624-25 (7th Cir. 1979), (rev'd in part on other grounds, 446 U.S. 754 (1980)); *Lesser v. Braniff Airways, Inc*., 518 F.2d 538, 540 n2 (7th Cir. 1975).

Here, Plaintiff seeks to hold ASAs Weaver and Heilingoetter liable because they did not intervene to prevent Chicago Police Officers from allegedly coercing a witness into falsely indentifying him and from allegedly destroying exculpatory evidence.  This attempt to impose liability on the SAO Defendants for the conduct of other defendants fails as a matter of law. As construed by the Seventh Circuit, a claim for failure to intervene applies to the duty of a peace officer to intervene to prevent fellow law enforcement officers from infringing the constitutional rights of citizens, such as the imposition of summary punishment. *See, e.g., Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972). The elements of such a claim are set forth in *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994):

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under §1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Id*. citing *Anderson v. Branen*, 17 F.3d 552, 557 (2nd Cir. 1994) and *Byrd*. 466 F.2d at 11.

There is no authority for the proposition that a State's Attorney may be held liable for the conduct of others under a theory of failure to intervene. As the court explained in *Anderson v. Simon*, 217 F.3d 472, 476 (7th Cir. 2000), "the police are not obligated to adhere to the suggestions of the state's attorney's office, a separate and distinct organization with no command authority over the Chicago Police Department." Therefore, even if ASAs Weaver and Heilingoetter was present when the officers allegedly coerced the identification from Bolton and destroyed exculpatory evidence – facts that are not even alleged in the Complaint -- ASAs Weaver and Heilingoetter would have had no opportunity or authority to intervene because the State' s Attorney's Office has no authority over the police department officials. *Gordon v. Devine*, 2008 U.S. Dist. LEXIS 81234, * 55-56 (N.D. Ill. 2008)(Aspen, J.)(dismissing failure to intervene claim against State's Attorney and Assistant State's Attorney under FRCP 12(b)(6) for failure to statue a claim). This is something that Judge Zagel recently commented upon in *Andrews v. Burge*, 660 F. Supp. 2d 868 (N.D. Ill. 2009). There, he wrote:

> In Illinois (and, in every state of which I am aware) a prosecutor does not have police powers, nor do prosecutors have command of police operations, though at times courts act as if they do. The only opinion that supports the prosecutor's duty to intervene is quite unpersuasive. Judge Aspen [(in *Gordon*)] was clearly correct in deciding that the duty to intervene applicable to police officers is not to be imposed on prosecutors.

*Id.* at 876 n.6.

Moreover, creation of a general duty to "intervene" on the part of prosecutors would also encroach on the absolute immunity afforded a prosecutor for the initiation and management of a criminal prosecution, given that a prosecutor is absolutely immune for initiating charges even where charges are based on false testimony or evidence. *See, e.g.*, *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (relying on *Imbler* and holding that absolute

prosecutorial immunity shields a prosecutor even if she initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence); *Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998)(prosecutor held absolutely immune for acts taken in initiating the prosecution of the plaintiff, even where it was alleged that the prosecutor relied on illegally recorded tapes that were part of the evidence collected by police). Therefore, Plaintiff fails to state a claim upon which relief may be granted against ASAs Weaver and Heilingoetter for failure to intervene in Count V of his Complaint.

**4. Because Plaintiff Does Not Allege that the SAO Defendants Committed Any Acts that Would Constitute a Constitutional Deprivation, They Are Entitled to Qualified Immunity**

Qualified immunity protects public officials in the performance of their discretionary duties from liability and from suit for actions that do not violate clearly established constitutional law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Saucier v. Katz*, 553 U.S. 194, 201 (2001),[3] the United States Supreme Court established a two-step test to determine whether a public official should be granted qualified immunity. Under the first part of the *Saucier* test, a court should determine if the plaintiff establishes that the public official actually violated a constitutional right. *Akande v. Grounds*, 555 F.3d 586, 589-90 (7th Cir. 2009). If the plaintiff does not establish that the public official deprived him or her of a constitutional right, then the public official is entitled to qualified immunity and the case should be dismissed. *Id*. at 590. If

---

[3] Recently, in *Pearson v. Callahan*, 129 S. Ct. 808 (2009), the United States Supreme Court reversed the rule of *Saucier* that mandated a rigid two-step inquiry. Under *Saucier*, a court could only assess whether a constitutional right was clearly established at the time of the alleged violation if it first determined that there was in fact a deprivation of that right. *Pearson* held that the order of the inquiry should be left to the discretion of the court. The change worked by *Pearson* is irrelevant here, however, since, as discussed in Part B.3. above, the Complaint does not make any allegation that would support an inference that the SAO Defendants deprived Plaintiff of any constitutional right.

the plaintiff does establish the requisite violation, the court must then determine if that right was clearly established the time of its alleged deprivation. *Id*.

As discussed in the sections above, Plaintiff's Complaint does not contain any facts that may be fairly read to allege that SAO Defendants violated any of Plaintiff's constitutional rights. Accordingly, the SAO Defendants are entitled to qualified immunity in this case under the first prong of *Saucier. See Campos v. City of Chicago*, 2009 U.S. Dist. LEXIS 34214 (slip op. Apr. 20, 2009, Moran J.)(holding that a public official is entitled to qualified immunity and thus dismissal of the cause pursuant to FRCP 12(b)(6) when the complaint fails to allege that the official committed a constitutional injury against the plaintiff). A copy of *Campos* is attached as Exhibit B. As a result, Plaintiff's complaint against the SAO Defendants should be dismissed with prejudice pursuant to FRCP 12(b)(6).

**5.       Plaintiff's §1983 claims are barred by absolute prosecutorial immunity.**

It is well settled that prosecutors are absolutely immune from §1983 suits for damages relating to their prosecution and presentment of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  In *Imbler*, the Court held that absolute prosecutorial immunity extends to the knowing use of false testimony and the deliberate suppression of exculpatory evidence. 424 U.S. at 430-31. For purposes of absolute immunity, it is irrelevant whether the protected party acted negligently, with malice or in bad faith. *Bradshaw v. DeGand*, 1992 U.S. Dist LEXIS 911, *4 (N.D. Ill. 1992)(citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)(absolute immunity for judiciary precludes civil actions, even when judge acts in bad faith)).

Under Illinois law, the State's Attorney "is vested with the exclusive discretion in the initiation and management of a criminal prosecution." *Spiegel v. Rabinovitz,* 121 F.3d 251, 257 (7th Cir. 1997)(citing *Hunt v. Jaglowski*, 926 F.2d 689, 692 (7th Cir. 1991)). Absolute

prosecutorial immunity "shields the prosecutor even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F. 2d 1228, 1238 (7th Cir. 1986).

When considering an immunity defense, a court should focus on the conduct for which immunity is claimed, not the harm that the conduct may have caused or the question of whether or not it was lawful. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). In the instant case, as a matter of law, ASAs Weaver and Heilingoetter 's alleged conduct – namely, being involved in charging and trying Plaintiff for murder—relate directly to the prosecution and presentment of the state's case against Plaintiff. Accordingly, they are protected by absolute prosecutorial immunity.

To illustrate, in *Hunt v. Jaglowski*, 926 F. 2d 689 (7th Cir 1991), a plaintiff filed a §1983 claim against various police officers and an ASA alleging that, over the course of a thirty-hour detention, the plaintiff was repeatedly mistreated. *Id*. at 691. The plaintiff alleged that he told an ASA that he had been beaten and coerced into providing a confession. *Id*. The plaintiff further alleged that the ASA then left the room and a police officer threatened to resume the beatings. *Id* at 691-92. Thereafter, the plaintiff agreed to confess and the ASA returned. *Id*. Even in light of the plaintiff's allegations of threats, abuse, and complicity on the part of the ASA, the *Hunt* court found that the ASA's conduct involved initiating a prosecution and presenting the State's case and was nonetheless entitled to absolute immunity. *Id*. at 693.

In the instant case, Plaintiff specifically names ASAs Weaver and Heilingoette,0r respectively, as "an Assistant State's Attorney of Cook County" who "was a part of the prosecution team that brought Plaintiff to trial . . . in the course and scope of [their] employment . . . ." (Complaint, ¶¶ 8,9) ASAs Weaver and Heilingoetter submit to the Court that these allegations amount to admissions by Plaintiff that they were acting as prosecutors performing

solely prosecutorial functions in Plaintiff's underlying criminal matter. As such, ASAs Weaver and Heilingoetter are entitled to absolute prosecutorial immunity from all of Plaintiff's claims.

Even if this Court were not to find that this allegation were such an admission, Plaintiff's allegations plainly demonstrate that ASAs Weaver and Heilingoetter are nonetheless entitled to absolute prosecutorial immunity. Specifically, Plaintiff alleges that ASAs Weaver and Heilingoetter charged him with murder and tried him even though they had "imputed knowledge" that the police used coercive tactics to get the identification and that they destroyed exculpatory evidence. Assuming for the sake of argument that this knowledge may be fairly "imputed" to the ASAs based on nothing more than Plaintiff's allegations, Plaintiff still admits that the imputation occurred in the course of charging and trying Plaintiff for murder. Since these are clearly prosecutorial functions under *Imbler*, ASAs Weaver and Heilingoetter are entitled to immunity. *See, e.g. Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (relying on *Imbler* and holding that absolute prosecutorial immunity shields a prosecutor even if she initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence); Thus, the §1983 claims against them should be dismissed pursuant to FRCP 12(b)(6).

**6. Plaintiff's State Law claims against ASAs Weaver and Heilingoetter are also barred by absolute prosecutorial immunity.**

Because Plaintiff's state law claims against ASAs Weaver and Heilingoetter are based on the same factual allegations contained in Plaintiff's §1983 claims, ASAs Weaver and Heilingoetter are absolutely immune from the state claims as well. *White v. City of Chicago*, 369 Ill. App. 3d 765 (1st Dist. 2006)(dismissal of state law claims against ASAs for concealing information that would have exonerated plaintiff based on absolute prosecutorial immunity).

In discussing prosecutorial immunity, Illinois courts have mirrored the United States Supreme Court's pronouncement in *Imbler*. In *Generes v. Foreman*, 277 Ill. App. 3d 353 (1st Dist. 1995), for example, the Illinois Appellate Court noted that judicial immunity was well established in Illinois and should not be abrogated "absent clear legislative intent to do so." *Generes*, 277 Ill. App. At 354; *see also* 5 ILCS 50/1 (2006)(adopting the English common law as the law of Illinois and stating that it "shall be considered as of full force until repealed by legislative authority."). In *Weimann v. County of Kane*, 150 Ill. App. 3d 962, 970 (2nd Dist. 1986), which also involved §1983 and state law claims, the Illinois Appellate Court observed, "[t]he law is clear that prosecutors are immune from liability for any activities 'intimately associated with the judicial phase of the criminal process.'" Accord *Guider v. Smith*, 99 C 7676 (N.D. Ill. 2000)(Kocoras, J.)(finding that prosecutors on Felony Review determining whether to approve charges have absolute immunity from suit under both federal and Illinois law).

In the instant case, Plaintiff's state law claims against ASAs Weaver and Heilingoetter stem entirely from her attempt to take Plaintiff's confession, a purely prosecutorial function intimately associated with the judicial phase of the criminal process. Accordingly, Plaintiff's state law claims against ASAs Weaver and Heilingoetter are barred by absolute immunity, as well. Therefore, dismissal of Counts VI, VII, and VIII against ASAs Weaver and Heilingoetter are appropriate under Rule 12(b)(6) too.

**D.     ALL OF PLAINTIFF'S CLAIMS AGAINST THE SAO DEFENDANTS ACCRUED WHEN THE ILLINOIS APPELLATE COURT REVERSED HIS CONVICTION IN 2000; THUS, ALL OF THOSE CLAIMS ARE TIME BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

All of Plaintiff's claims against the SAO Defendants relate to events that occurred more than 10 years before Plaintiff filed the instant complaint. In *Wilson v. Garcia*, 471 U.S. 261 (1985), the Supreme Court held that for claims brought under §1983, courts should borrow the

state statute of limitations for personal injury actions. It is well settled that District Courts sitting in Illinois are to apply Illinois' two-year statute of limitations to such claims. *See Kalimara v. IDOC*, 879 F.2d 276 (7th Cir. 1989); *see also Pearson v. Gatto,* 933 F.2d 521, 525 n.3 (7th Cir. 1991). However, it is federal law that determines when such actions accrue. *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir. 1992). In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Court held that a §1983 claim that "would necessarily imply the invalidity of his conviction or sentence" does not accrue until "plaintiff . . .prove[s] that the **conviction or sentence has been reversed on direct appeal,** expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486 (emphasis added). Here, Plaintiff alleges that the Illinois Appellate Court reversed his conviction on direct appeal on August 16, 2000. Thus, all of the claims asserted in the Complaint were time barred as of August 2002. Accordingly, his Complaint should be dismissed pursuant to FRCP 12(b)(6) for this reason as well.

## V.    CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendants former Cook County State's Attorney Richard A. Devine, Assistant State's Attorneys Lynn Weaver and Robert Heilingoetter, the Office of the Cook County State's Attorney, and the County of Cook respectfully request that Plaintiff's claims against him be dismissed in their entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,
ANITA ALVAREZ
State's Attorney of Cook County


By:/s/ Thomas Cargie
ARDC # 6210034
Thomas Cargie

17

Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
312/603-4553


Patrick T. Driscoll, Jr.
Deputy State's Attorney
Chief, Civil Actions Bureau

Louis R. Hegeman
Supervisor, Special Projects & Assignments
Thomas Cargie
Assistant State's Attorneys