Original

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL RODRIGUEZ, | ) |
| Plaintiff, | ) **Case No. 10-CV-4207** |
| -VS- | ) Hon. Suzanne B. Conlon |
| COUNTY OF COOK, ET AL., | ) Hon. Maria Valdez |
| Defendants, | ) Magistrate Judge |
| | ) |

<u>NOTICE OF FILING</u>

**TO:**

Thomas Cargie
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602

**FILED**

SEP 27 2010 JH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PLEASE TAKE NOTICE,** that on September 27, 2010, plaintiff caused to file the

original and one copy of the attached document entitled, **"Plaintiff's Response To**

**Defendants' Motion To Dismiss"** with the above court.

Respectfully Submitted

/s/ Angel Rodriguez

Angel Rodriguez
1503 North Pulaski Road
Chicago, Illinois 60651
(773) 342-0668

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL RODRIGUEZ, | ) |
| Plaintiff, | ) Case No. 10-CV-4207 |
| -VS- | ) Hon. Suzanne B. Conlon |
| COUNTY OF COOK, ET AL., | ) Hon. Maria Valdez |
| Defendants, | ) Magistrate Judge |
| | ) |

**FILED**

SEP 27 2010 JH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FILED BY RICHARD A. DEVINE, LYNN WEAVER, COUNTY OF COOK ROBERT HEILINGOETTER AND OFFICE OF THE COOK COUNTY STATE'S ATTORNEY

**NOW COMES,** the plaintiff, namely Angel Rodriguez, appearing in his own proper person and respectfully submits this responsive pleading and urge this court to deny the Defendants' Motion To Dismiss in its entirety.

## STANDARD OF REVIEW

## FEDERAL RULES CIVIL PROCEDURE 12(B)(6):

1. A motion pursuant to **FRCP 12(b)(6)** only challenges the legal

sufficiency of a complaint to state a claim upon which relief can be granted. **See, Hallinan vs. Fraternal Order of Police of Chicago Lodge No. 7**, 570 F.3d 811, 820 (7th Cir. 2009). A complaint need only include a "short and plain statement of the claim showing that the pleader is entitled to relief." **See, FRCP 8(a)(2)**. Defendants must have fair notice of what the claim is and the grounds upon which it rests. **See, Bell Atlantic vs. Twombly**, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must contain sufficient factual matter to state a claim to relief that is believable on its face. **See, Ashcroft vs. Iqbal**, 129 S.Ct 1937, 1949 (2009). The court is obligated to interpret the complaint in light most favorable to plaintiff and draw all reasonable inferences in plaintiff's favor. **See, Justice vs. Town of Cicero**, 577 F.3d 768, 771 (7th Cir. 2009). Finally, the United States Supreme Court has opined that **pro se** litigants not be held to the same standards as licensed attorneys. **See, Haines vs. Kerner**, 404 U.S. 519, 520 (1972). Under federal pleading standards, civil complaint need not set out either legal theories or comprehensive factual narratives. **See, Rapid Test Products, Inc., vs. Durham Sch. Servs., Inc.,**

460 F. 3d 859, 860 (7th Cir. 2006). Also see, **Kolupa vs. Roselle Park Dist.,** 438 F.3d 713, 714 (7th Cir. 2006) ( it is enough to name he plaintiff and the defendant, state the nature of the grievance, and give a few tidbits that will let the defendant investigate).

2. Plaintiff's civil complaint puts defendants on notice that he is seeking redress for federal constitutional violations and State law violations all stemming from the **judicial admission** that plaintiff was **innocent** of the crime that resulted in his wrongful imprisonment.

## ADMISSIONS MADE BY DEFENDANTS

3. Defendants candidly **admits** that plaintiff was granted a Certificate of Innocence on July 28, 2009. **See, Defendants' Memorandum of Law In Support Of Motion To Dismiss - Page 4**

4. Also, defendants' makes no claim, which it cannot honestly do so, asserting that any of the defendants involved in this Motion To Dismiss were ever parties to a lawsuit previously filed by the plaintiff.

## DISTRICT COURT HAS JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

**5.** A district court is usually in a position to make a determination of whether to dismiss state law claims pursuant to its discretionary authority to relinquish supplemental jurisdiction "only" when federal claims has been adjudicated. **See, Williams vs. Rodriguez, 509 F.3d 392, 404 (7th Cir. 2007).** Plaintiff believes that his civil suit alleges federal claims that will survive defendants' Motion To Dismiss, therefore, the court have jurisdiction to entertain the State Law claims.

**6.** Defendants are advocating that no plaintiff can never bring State Law claims for malicious prosecution, intentional infliction of emotional distress and civil conspiracy in federal court as part of a civil action alleging federal constitutional claims. **See, Defendants' Memorandum of Law in Support Of Motion To Dismiss - Page 5**. This position is absurd and flies in the face of the many civil cases that has been filed in federal court. **See, Tillman vs. Burge, No. 10-CV- 04551; Kitchen vs. Burge, No. 10-CV-**

04093; <u>Jimenez vs. City of Chicago</u>, No. 09-CV-08081; <u>Logan vs. Burge,</u> No. 09-CV-05471; <u>Hill vs. City of Chicago</u>, No. 06-CV-6772; <u>Orange vs. Burge,</u> No. 04-CV-00168; <u>Patterson vs. Burge</u>, No. 03-CV-4433 and <u>Hobley vs. Burge</u>, No. 03 C 3678. This is not an exhaustive listing!

7. Defendants claim that the Eleventh Amendment bar plaintiff from bring suit against them in federal court. **See, <u>Defendants' Memorandum of Law In Support Of Motion To Dismiss - Page 7</u>** Notably, a state official is not entitled to Eleventh Amendment immunity where he or she is sued in his or her individual capacity. **See, <u>Williams vs. Anderson</u>, 959 F.2d 1411, 1413, n.3 (7th Cir. 1992)**. Importantly, defendants, Devine, Weaver and Heilingoetter are all sued in their individual capacity. **See, <u>Civil Complaint - Page 4 of 24 and 5 of 24</u>**.

## <u>DEFENDANTS' WEAVER AND HEILINGOETTER</u>

8. Opposing counsel seeks to mislead this court by proclaiming that plaintiff designated Lynn Weaver and Robert Heilingoetter as employees of Cook

County. **See, Defendants' Memorandum of Law In Support Of Motion To Dismiss - Page 8**. A review of the plaintiff's civil complaint reveals that Lynn Weaver and Robert Heilingoetter were Assistant State's Attorneys employed by the Office of the Cook County State's Attorney and constituted the prosecution team. **See, Civil Complaint - Page 4 of 24 and 5 of 24**.

9. This court should warn opposing counsel to be candid with the court as required pursuant to Illinois Rules of Professional Responsibility and not engage in deliberately attempting to misleading the court through intentional mischaracterization of matter.

## PERSONAL RESPONSIBILITY OF RICHARD A. DEVINE

10. Defendants maintain that there is not sufficient matter alleged to ground personal involvement upon Richard A. Devine. **See, Defendants' Memorandum of Law In Support Of Motion To Dismiss - Page 9**

**through 10**. It is not disputed that Richard A. Devine was the elected prosecutor that headed the Office of the Cook County State's Attorney at the time of the prosecution of plaintiff.

11. As the top prosecutor, Richard A. Devine established policy, approves of practices, exercised control, supervision , training, discipline and monitoring of all subordinate employees working as prosecutors. **See, Civil Complaint - Page 4 of 24**. A fair reading of plaintiff **pro se** lawsuit reveals that "on the watch of Richard A. Devine multitudes of individuals, including plaintiff, were prosecuted and wrongfully imprisoned for year for crimes they did not commit." **See, Civil Complaint - Page 13 of 24**

12. Plaintiff's wrongful prosecution and wrongful imprisonment flowed from the policies, practices and zeal of Richard A. Devine to subject plaintiff and innocent minorities to the draconian criminal justice process for crimes they did not commit. In effect, Richard A. Devine had supervisiory powers over his subordinates. The personal responsibility requirement attaches where, "a

turn a blind eye to it." **See, Johnson vs. Snyder**, 444 F.3d 579, 583-584

(7th Cir. 2006). Also see, **Hildebrandt vs. Illinois Dept. of Natural Res.,**

347 F.3d 1014, 1019 (7th Cir. 2003) (if the conduct causing the

constitutional violation occur at the supervisor's direction or with his

knowledge and consent, then personal responsibility requirement is satisfied).


## COMPLAINT SUFFICIENTLY ALLEGE FAILURE TO INTERVENE CLAIM AS BASIS FOR RELIEF

13. In **Harper vs. Albert**, 400 F.3d 1052, 1064 (7th Cir. 2005), the

Seventh Circuit recognized that in order for there to be a failure to

intervene, there must exist an underlying constitutional violation. In the case

at bar, a fair reading of plaintiff's pro se civil complaint alleges that

defendants Woodall and Halvorsen coerced identification , secreted and/or

destroyed all information/evidence favorable to plaintiff. **See, Civil**

**Complaint - Page 9 of 24 and 16 of 24** The suppression of evidence

favorable to the accused is a constitutional violation. **See, Brady vs.**

**Maryland**, 373 U. S. 83 (1963).

**14.** Through imputed knowledge, Lynn Weaver and Robert Heilingoetter, is legally chargeable with knowing about the actions and omissions of Jon Woodall, Ernest Halvorsen and other John Does that were/are police officers that worked on the case and suppressed information/evidence favorable to the plaintiff. Additionally, none of the other John Does intervened to prevent other named defendants from violating the constitutional rights of plaintiff by coercing identification and suppressing evidence/information. **See, Montana vs. City of Chicago, 535 F. 3d 558, 569, (7th Cir. 2008)** (individual must have had a reason to know that a constitutional violation was taking place and that person had a realistic opportunity to prevent the deprivation). Also see, **Yang vs. Hardin, 37 F.3d 282, 285 (7th Cir. 1994)** (under certain circumstances a state actor's failure to intervene renders him or her culpable under Section 1983). Furthermore, neither Jon Woodall nor Ernest Halvorsen intervened to prevent each other from violating plaintiff's constitutional rights.

## DEFENDANTS NOT ENTITLED TO QUALIFIED IMMUNITY

**15.** Qualified immunity balances two important interests **(1).** The need to hold public officials accountable when they exercise power irresponsibly, and **(2).** the need to shield officials from harassment, distraction and liability when they perform their duties reasonably. **See, Pearson vs. Callahan, 129 S.Ct. 808 (2009).** Defendants are not entitled to qualified immunity, since plaintiff's constitutional rights to favorable evidence/information is not to be suppressed has long been established as far back as **Brady vs. Maryland, 373 U.S. 83 (1963)** and engaging in conduct to coerce the lineup identification is impermissible as well. **See, Stovall vs. Denno, 388 U.S. 293, (1967)** (recognizing due process right to exclude identification that result from unnecessarily suggestive procedures). Also see, **Jenkins vs. City of New York, 478 F.3d 76, 93 (2nd Cir. 2007)** (lineup impermissibly suggestive when police forced witness to choose a suspect from within it).

**16.** Lynn Weaver and Robert Heilingoetter, acting as assistant state's attorneys, and having a daily ongoing working relationship with the police,

are chargeable, through imputation, with the knowledge and conduct of police officers involved in the investigation of a case. They must not be allowed to escape liability, especially where plaintiff was innocently put in prison for a crime he did not commit. The judicial admission and recognition of plaintiff's innocence, by virtue of plaintiff being awarded a Certificate of Innocence, would be meaningless if prosecutors would be permitted to escape civil liability at the federal level. Also, being chargeable with the knowledge and conduct of the police, the defendant prosecutors were acting in an investigative function.

## DEFENDANTS NOT ENTITLED TO ABSOLUTE IMMUNITY

17. Defendants maintain that they are entitled to absolute immunity, since they were operating in a prosecutorial function. **See, Defendants' Memorandum Of Law In Support Of Motion To Dismiss - Page 13 – 15** Because Lynn Weaver and Robert Heilingoetter is imputed with the knowledge and conduct of police, it necessarily follows that the unconstitutional conduct of Jon Woodall, Ernest Halvorsen and other John

Does occurred during the **investigative phase** of the case against plaintiff, therefore, the imputed conduct chargeable to the Lynn Weaver and Robert Heilingoetter **cannot** be lawfully and honestly said to be a prosecutorial function cloaking them with absolute immunity. The United States Supreme Court has held that, "investigatory conduct by prosecutors removes them from the protection of absolute immunity." **See, Burns vs. Reed, 500 U.S. 478, 492 (1991).**

## PLAINTIFF'S CLAIMS AGAINST DEFENDANTS DID NOT ACCRUE UNTIL CERTIFICATE OF INNOCENCE WAS ISSUED

18. Defendants assert that plaintiff claims accrued once the Illinois Appellate Court reversed his conviction back in 2000. **See, Defendants' Memorandum Of Law in Support Of Motion To Dismiss - Page 16-17.** Plaintiff's lawsuit makes it clear that he did not receive his Certificate of Innocence until **July 28, 2009. See, Civil Complaint - Page 7 of 24** The Certificate of Innocence is a binding factual finding and judicial admission of plaintiff's innocent and admits that police and prosecutors

perpetrated a grievous wrong against him. The Certificate of Innocence law **was not** in existence in the year 2000, therefore, plaintiff could not have brought his suit against defendants at that time.

## CONCLUSION

**WHEREFORE,** the plaintiff, namely Angel Rodriguez, respectfully prays that this court deny defendants' motion to dismiss in its entirety.

Respectfully Submitted

/s/ *Angel Rodriguez*

Angel Rodriguez
1503 North Pulaski Road
Chicago, Illinois 60651
(773) 342-0668

*Original*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANGEL RODRIGUEZ,** | ) |
| Plaintiff, | ) **Case No. 10-CV-4207** |
| -VS- | ) Hon. Suzanne B. Conlon |
| **COUNTY OF COOK, ET AL.,** | ) Hon. Maria Valdez |
| Defendants, | ) Magistrate Judge |
| | ) |

## PROOF OF SERVICE

I, Angel Rodriguez, hereby certifies that a copy of the legal document entitled, **"Plaintiff's Response To Defendants' Motion To Dismiss"** was served upon:

Thomas Cargie
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602

By depositing a copy of the above-mentioned legal document in the U.S. Mail, on September 27, 2010, contained in a sealed manila envelope bearing sufficient prepaid first class postage and properly addressed to the above named Assistant State's Attorney.

Respectfully Submitted

/s/ *Angel Rodriguez*
Angel Rodriguez
1503 North Pulaski Road
Chicago, Illinois 60651
(773) 342-0668