# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4207 | **DATE** | 10/29/10 |
| **CASE TITLE** | ANGEL RODRIGUEZ v. COUNTY OF COOK *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' motions to dismiss [19, 27] and defendant Jon Woodall's motion to join the city's motion [37] are granted. The motion for leave to file a reply [39] is moot. **SEE BELOW FOR DETAILS.**

*Suzanne B. Conlon* (signature)

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Angel Rodriguez sues Cook County, the City of Chicago, the Cook County State's Attorney's Office, the Cook County State's Attorney, and several police officers and assistant state's attorneys ("ASAs") for claims stemming from a state conviction that was overturned on appeal in 2000.

In 2003, Rodriguez sued the City of Chicago and the police officers on the overtured conviction and lost. *See Rodriguez v. Woodall*, No. 03 C 3880 (N.D. Ill. Apr. 14, 2005) (Dkt. No. 79, Judgment) (Kennelly, J.), *aff'd* 189 F. App'x 522 (7th Cir. 2006). The claims against those same defendants are barred by *res judicata*. *See Aaron v. Mahl*, 550 F.3d 659, 664 (7th Cir. 2008) (elements of *res judicata*).[1]

The state law claims against the State's Attorney's Office, the State's Attorney, and the ASAs are dismissed without prejudice for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Federal courts exercising supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 follow state immunity rules. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003). The State's Attorney and ASAs are state employees, and Illinois law requires suits against them to be brought in the Illinois Court of Claims. 745 ILCS 5/1; *Sneed v. Howell*, 716 N.E.2d 336, 339-41 (Ill. App. Ct. 1999).

---

[1] *Res judicata* is an affirmative defense that should be raised in a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), not on a motion to dismiss under Rule 12(b)(6). *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). However, the court may take judicial notice of the public filings in the prior lawsuit, *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 676 n.2 (7th Cir. 2009), and the standard under Rules 12(b)(6) and 12(c) are the same, *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

| STATEMENT |
|---|

All remaining claims are barred by the applicable two-year statute of limitations. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2381 (2009). Rodriguez's claims accrued in 2000 when his conviction was overturned. The 2009 issuance of a "Certificate of Innocence" by a state court does not restart the limitations period for his claims in federal court. The certificate is "binding only with respect to claims filed in the [Illinois] Court of Claims" and has no effect on other proceedings. 735 ILCS 5/2-702(j).

*Suzanne B. Conlon*