CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 11-1401

ANGEL RODRIGUEZ,

*Plaintiff-Appellant,*

*v.*

COOK COUNTY, ILLINOIS, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10 C 4207—**Suzanne B. Conlon**, *Judge*.

SUBMITTED NOVEMBER 30, 2011—DECIDED DECEMBER 15, 2011

Before EASTERBROOK, *Chief Judge*, and CUDAHY and TINDER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. A jury convicted Angel Rodriguez of murder, but the state's appellate court reversed after concluding that the evidence was insufficient. *People v. Rodriguez*, 312 Ill. App. 3d 920 (2000). He then filed a federal suit under 42 U.S.C. §1983, accusing two police officers of violating his constitutional rights by unduly influencing a witness to identify him as the

killer. The district judge granted judgment in favor of one officer as a matter of law and submitted the claim against the second (plus the City of Chicago) to a jury, which returned a verdict against Rodriguez. He appealed, and we affirmed. *Rodriguez v. Woodall*, 189 F. App'x 522 (7th Cir. 2006).

Four years later, Rodriguez decided to try again. He filed this new suit against the three defendants he had sued before, plus three of the prosecutors and the governmental entities that employed them. The district court dismissed the claims against the original three defendants on the basis of claim preclusion (res judicata) and the claims against the additional defendants on the basis of the two-year period of limitations that applies to §1983 litigation in Illinois. 2010 U.S. Dist. LEXIS 115743 (N.D. Ill. Oct. 29, 2010). The court also concluded that claims against the prosecutors under state law must be dismissed for lack of subject-matter jurisdiction, because federal courts follow state immunity rules and Illinois wants claims of this kind to be presented to its Court of Claims.

A state statute enacted in 2008 supplies the basis for Rodriguez's contention that the district judge erred with respect to preclusion and the statute of limitations. The 2008 statute permits a person who served time in prison on a conviction that is later set aside to seek a "certificate of innocence" from the court that had convicted him. 735 ILCS 5/2–702. A state court issued such a certificate to Rodriguez in July 2009. He says that this creates a new claim, restarting the time for suit against all potential

defendants and overriding the rules of issue and claim preclusion.

No state statute can authorize relitigation of a federal claim resolved by a federal court. The preclusive effect of a federal court's judgment in a suit resting on federal law (as Rodriguez's first suit did) itself depends on federal law. See *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001). An element of the judicial power under Article III of the Constitution is the authority to make a conclusive decision, one not subject to legislative revision. Even the powers of Congress are severely limited once a federal court has resolved a case. See *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995). State legislatures have no power at all to direct federal courts to disregard their own judgments. No more need be said to show that the 2008 statute does not permit new litigation against the defendants who prevailed in the first suit. (Not that Illinois has tried to reopen judgments, state or federal. The 2008 statute provides that it "shall not have a res judicata effect on any . . . proceedings" other than a claim against the state. 735 ILCS 5/2–702(j).)

A state legislature has greater authority to control the time for litigation against new parties, because federal courts borrow from state law the period of limitations for §1983 suits. See *Wilson v. Garcia*, 471 U.S. 261 (1985). But 735 ILCS 5/2–702 does not purport to toll or extend the period of limitations for ordinary personal-injury suits, which *Garcia* held (as a matter of federal law) supplies the outer bound for §1983 litigation. Indeed, 735 ILCS

5/2–702 does not affect claims against any person or entity other than the State of Illinois.

The statute provides that a person who secures a certificate of innocence may file a petition in the state's court of claims seeking compensation. 735 ILCS 5/2–702(a). And the Illinois Court of Claims entertains suits against only one entity: the state itself. 705 ILCS 505/8. Likewise the Court of Federal Claims entertains suits against only the United States, not against its agencies or employees. Thus although the issuance of a certificate of innocence creates a new claim for relief against Illinois, it does not have any effect on the time to sue a prosecutor or the Office of the State's Attorney.

Rodriguez does not rely on any language in 735 ILCS 5/2–702, or cite any decision of a state court, for the proposition that the 2008 statute extends the period of limitations for a suit against a natural person, such as a police officer or prosecutor. Instead he relies on *Kitchen v. Burge*, 781 F. Supp. 2d 721, 735 (N.D. Ill. 2011), which he reads as holding that the issuance of a certificate of innocence starts a new period of limitations for suit against anyone involved in the proceedings that led to the conviction. That is not, however, what *Kitchen* holds.

The initial problem facing Kitchen was not the expiration of the period of limitations, but the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court held a suit under §1983 cannot be used to contest a criminal conviction. The Justices inferred from this principle that, when a person has been convicted and imprisoned, a §1983 claim that is inconsistent with the validity of that con-

viction (see *Wallace v. Kato*, 549 U.S. 384, 392–94 (2007)) does not accrue until the conviction has been set aside in some other manner, such as a collateral attack under 28 U.S.C. §2254 or the equivalent procedure in state court. (Although the period of limitations for §1983 litigation comes from state law, the date of the claim's accrual is defined by federal law under *Garcia* and later decisions.) The district court held in *Kitchen* that a certificate of innocence can serve the same function as a successful collateral attack and thus cause the claim to accrue under *Heck*, which starts the period of limitations.

That approach does not do Rodriguez any good, because *his* claim accrued in 2000, when the state's court of appeals reversed his conviction for insufficient evidence—a ruling that made a new prosecution impossible, given the double jeopardy clause. See *Burks v. United States*, 437 U.S. 1 (1978). A suit filed in 2010 is thus eight years past the allowed time.

What's more, *Kitchen* does not get this subject entirely right. *Heck* holds that a §1983 claim that would call a conviction into question accrues when the conviction has been reversed or otherwise set aside. The district court in *Kitchen* assumed that a certificate of innocence is one way that Illinois provides for vitiating a conviction. It isn't. Under the 2008 statute, a conviction's vacatur is a precondition to obtaining a certificate; it is not something that can be accomplished *by* a certificate.

> In order to obtain a certificate of innocence the petitioner must prove by a preponderance of evidence that:

> (1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;
>
> (2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;
>
> (3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and
>
> (4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction.

735 ILCS 5/2–702(g). Thus the claim in *Kitchen*—and this case too—accrued when the conviction was vacated, not when a state court issued the certificate of innocence. Rodriguez's conviction was reversed in 2000. His current suit is much too late.

Rodriguez sought to use the supplemental jurisdiction of 28 U.S.C. §1367 to support state-law claims against

the prosecutors. The prosecutors invoked not only the statute of limitations but also absolute prosecutorial immunity and state sovereign immunity. The district court responded:

> The state law claims against the State's Attorney's Office, the State's Attorney, and the ASAs are dismissed without prejudice for lack of subject matter jurisdiction. FED R. CIV. P. 12(b)(1). Federal courts exercising supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 follow state immunity rules. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003). The State's Attorney and ASAs are state employees, and Illinois law requires suits against them to be brought in the Illinois Court of Claims. 745 ILCS 5/1; *Sneed v. Howell*, 306 Ill. App. 3d 1149, 716 N.E.2d 336, 339-41, 240 Ill. Dec. 203 (Ill. App. Ct. 1999).

This passage assumes that the prosecutors have been sued in their official capacity. If so, then they are treated *as* the State, see *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), and a suit against a state belongs in state court. *Omosegbon*, which the district judge cited, dealt with an official-capacity claim. If the prosecutors have been sued in their official capacity, then they are not entitled to immunity; they are simply dismissed. But if the prosecutors have been sued in their personal capacity, then the litigation proceeds in the regular civil courts, and the prosecutors are entitled to whatever benefit official immunity provides.

Rodriguez is not entirely clear about the capacity in which he has sued the prosecutors, but we think that his complaint is best understood as presenting a personal-capacity claim—which is the only way he could get damages from them, his apparent objective. The supplemental jurisdiction covers such a claim. That immunity depends on state law has no effect on a federal court's subject-matter jurisdiction. Illinois does not treat prosecutorial immunity as a limit on a court's jurisdiction; instead it is an affirmative defense, which can be waived or forfeited. And if Illinois had purported to insist that all civil litigation against prosecutors occur in state courts, that could not curtail federal jurisdiction. Congress, not the states, determines the jurisdictional authority of the federal courts. This means that, apart from invoking their rights under the eleventh amendment, states cannot insist that any particular category of litigation be conducted only in state court. See *Chicago v. International College of Surgeons*, 522 U.S. 156 (1997). Individual-capacity claims against prosecutors are not covered by the eleventh amendment, see *Ex parte Young*, 209 U.S. 123 (1908), or the residual principle of state sovereign immunity recognized in *Hans v. Louisiana*, 134 U.S. 1 (1890). There is thus no jurisdictional obstacle to litigating all of this suit in federal court.

It is apparent from the district court's discussion, however, that the court would have relinquished supplemental jurisdiction under §1367(c) whether or not litigation in federal court is forbidden. We therefore modify the judgment to provide that all state-law claims

are dismissed without prejudice under §1367(c). As modified, the judgment is

AFFIRMED.